9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Steven J. KELLEY, Petitioner-Appellant,
v.
Robert BORG, Warden; Attorney General of California,
Respondents-Appellees.
 No. 92-55789.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1993.*
Decided Nov. 10, 1993.
 
 Before: WRIGHT, GOODWIN and HUG, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California prisoner Steven J. Kelley appeals pro se the district court's denial with prejudice of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction of his timely appeal. 28 U.S.C. § 2253. We affirm.
 
 
 3
 Kelley contends that the district court erred in (1) rejecting his ineffective assistance of counsel claim and (2) denying his request for dismissal without prejudice.
 
 
 4
 * We review de novo the court's decision to deny the petition, Adams v. Peterson, 968 F.2d 835, 843 (9th Cir.1992) (en banc) cert. denied, 113 S.Ct. 1818 (1993), and its conclusion that Kelley received effective assistance of counsel, United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991). We review the court's factual findings under the clearly erroneous standard. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 
 5
 Kelley argues that his attorney was ineffective because he did not have Kelley's blood tested for PCP to aid in his diminished actuality [sic] defense. To succeed on an ineffective assistance claim, Kelley must show (1) deficient performance (2) that prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 6
 The district court found that Kelley's attorney, Michael Gottlieb, "had no basis for testing [Kelley's] blood for PCP since none of the information provided to [Gottlieb] indicated that PCP was involved in the killing." This finding is not clearly erroneous: (1) Gottlieb declared that Kelley never mentioned any problems with PCP usage or the possibility of a PCP-related defense; (2) Dr. Vicary's letter contains no evidence that Kelley was under the influence of PCP when he killed his cousin; and (3) the probation report says that Kelley last used PCP in 1983, two years before the murder. We agree with the district court that Gottlieb's performance was not deficient.
 
 II
 
 7
 In response to the magistrate's recommendation that his petition be denied and dismissed with prejudice, Kelley requested dismissal without prejudice so that he could raise unspecified new issues in the state courts. The district court did not err in denying this request.
 
 
 8
 This is not a case in which the court should have dismissed the petition without prejudice because it raised unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 520 (1982). Kelley exhausted his state remedies on both claims raised in his petition. He asked us to review only his ineffective assistance claim. The district court had all the information it needed to address this claim and found it meritless. We agree. If Kelley wants to file another petition raising new claims, he must satisfy the McCleskey v. Zant, 499 U.S. 467 (1991) cause and prejudice standard.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3